NOT RECOMMENDED FOR PUBLICATION

File Name: 23b0005n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: SANDRA ARLENE SHEAR,

> *Debtor*.

SANDRA ARLENE SHEAR,

> *Debtor-Appellant*,

PATRICK C. SHEAR,

> *Appellant*,

> *v*.

WELLS FARGO BANK, N.A.,

> *Creditor-Appellee*.

No. 23-8012

On Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Cincinnati.
No. 22-bk-11891—Beth A. Buchanan, Bankruptcy Judge.

Decided and Filed:  October 16, 2023

Before: CROOM, MASHBURN, and STOUT, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:**  Justin W. Ristau, BRICKLER GRAYDON LLP, Columbus, Ohio, for Appellee. Sandra A. Shear, Patrick C. Shear, Cincinnati, Ohio, pro se.

---

## OPINION

---

PER CURIAM.  On November 4, 2022, Sandra Arlene Shear ("Debtor") filed a voluntary Chapter 13 bankruptcy petition.  The case was the fifth bankruptcy case filed by either Debtor or her husband, Patrick C. Shear ("Shear"; together, the "Shears") after Wells Fargo Bank, N.A. ("Wells Fargo") obtained a foreclosure judgment in state court on July 11, 2019 as to their property located at 539 Chaswil Drive, Cincinnati, Ohio ("the Property").[1]

On November 29, 2022, Debtor filed an adversary proceeding against Wells Fargo to determine the extent and/or validity of its lien, specifically arguing that Wells Fargo "was not [their] lender."  On May 22, 2023, the bankruptcy court entered an order dismissing the adversary proceeding finding that it lacked jurisdiction under the Rooker-Feldman doctrine to adjudicate the Shears' challenge to Wells Fargo's status as a secured creditor pursuant to the prior state court orders.  The Shears did not appeal the order dismissing the adversary proceeding.  Accordingly, they are bound by the bankruptcy court's ruling.

On December 8, 2022, Wells Fargo filed a motion for relief from the automatic stay regarding the Property.  On May 22, 2023, the bankruptcy court entered an order in the chapter 13 case granting Wells Fargo (1) in rem relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) with respect the Property, and (2) relief from the 11 U.S.C. § 1301(c) co-debtor stay as to Shear.  In response to the Shears' complaint that Wells Fargo lacked standing, the bankruptcy court reiterated that it lacked subject matter jurisdiction to review the state court's determination of Wells Fargo's secured creditor status according to the Rooker-Feldman doctrine.  On June 2, 2023, the Shears filed a timely notice of appeal from this order.

---

[1]Prior to the bankruptcy filings, the Shears became delinquent under the terms of their note and mortgage on their real property at 539 Chaswil Drive, Cincinnati, Ohio.  Wells Fargo filed a complaint for foreclosure against the Shears in the Hamilton County Ohio Court of Common Pleas on August 1, 2018.  Wells Fargo attached documentation demonstrating its status as the current holder of the note and mortgage.  The state court magistrate granted Wells Fargo's motion for summary judgment, concluding that Wells Fargo was the real party in interest and had standing to pursue foreclosure. (Bankr. Case 22-11891 ECF No. 59-1 at 140.)  The Hamilton County Common Pleas Court overruled the Shears' objection to the magistrate's decision and adopted the decision in a final order entered on July 11, 2019. (Bankr. Case 22-11891 ECF No. 59-1 at 148.)  The Shears' various post-judgment motions and appeals were unsuccessful.  (Bankr. Case 22-11891 ECF No. 59-1 at 204, 287.)

During the appeal, the Shears filed several motions before the Bankruptcy Appellate Panel, all of which were denied with the caveat that the Shears were unlikely to succeed on the merits of their appeal. On August 16, 2023, the Shears filed an appellate brief that did not meet the Sixth Circuit's requirements in either form or substance. The brief did not address the Rooker-Feldman doctrine or the bankruptcy court's analysis of the requirements for lifting the automatic stay. Rather, the brief simply reasserted that Wells Fargo is not a creditor and has no standing to seek relief as to the Property, an argument that the state court had already rejected in the foreclosure proceeding.

Wells Fargo filed a thorough and well-written brief addressing both the procedural and substantive deficiencies in the Shears' brief and case. After reviewing the record, the parties' briefs, and applicable law, the Panel finds that no jurisprudential purpose would be served by a detailed panel opinion. The bankruptcy court's findings of fact are not clearly erroneous, and its conclusions of law are correct. We therefore affirm the bankruptcy court's decision for the reasons stated by that court in its artful and well-reasoned opinion.